```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

BUDDY P. KAMAKEEAINA,        )  CIV. NO. 11-00770 SOM/RLP
#A0235486,                   )
                             )  ORDER DENYING MOTION RE:
        Plaintiff,           )  COMPLIANCE WITH INMATE LEGAL
                             )  ACTIVITIES POLICIES AND
        vs.                  )  PROCEDURES
                             )
CITY AND COUNTY OF HONOLULU, )
et al.,                      )
                             )
        Defendants.          )
_____)
```

**ORDER DENYING MOTION RE: COMPLIANCE WITH INMATE
LEGAL ACTIVITIES POLICIES AND PROCEDURES**

Plaintiff Buddy P. Kamakeeaina moves for a court order requiring the Federal Detention Center-Honolulu ("FDC") and the Hawaii Department of Public Safety ("DPS") to comply with prison policies and procedures governing inmate law library access. Mot., ECF #20. For the following reasons, the briefing schedule set forth in the court's June 25, 2012, minute order is VACATED and the Motion is DENIED.

**I.   BACKGROUND**

On December 19, 2011, Plaintiff commenced this action by filing an 88-page typewritten Complaint with 216 pages of exhibits. Compl., ECF #1. The court carefully screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), notified Plaintiff of its numerous deficiencies, and dismissed it with leave granted to amend. Ord. Dismissing Compl. Pursuant to 28 U.S.C. § 1915, ECF #12, dated Mar. 29, 2012.

Plaintiff moved for and received two extensions of time to file an amended complaint. ECF #13, #14, #16, #17. On June 6, 2012, Plaintiff timely filed the First Amended Complaint ("FAC"). ECF #18. The court is currently screening the FAC pursuant to §§ 1915(e)(2) and 1915A(b)(1); the FAC has not, therefore, been ordered served on any defendant.

Plaintiff claims that he is being denied access to the FDC "law library services," to which he claims he is entitled by FDC and DPS policies and procedures. Mot., ECF #20 at 5-6. Plaintiff does not say that has no access to legal materials. Rather, Plaintiff complains that he has been denied access to the typewriter and copying services available to inmates in his module on Tuesdays between 9:00 and 11:00 a.m. ECF #20 at 7. Plaintiff seeks an order directing FDC and DPS prison officials to comply with their own policies and procedures and allow him to attend the law library on Tuesdays so that he may use the "law library services." ECF #20.

## II. DISCUSSION

The Supreme Court has "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). To show denial of that right, a prisoner must "demonstrate that [his] nonfrivolous legal claim ha[s] been frustrated or was being

impeded" by a prison's program. *Lewis*, 518 U.S. at 352-53 (footnotes omitted). "Failure to show that a 'nonfrivolous legal claim ha[s] been frustrated' is fatal" to a prisoner's claim alleging denial of access to the courts. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353).

In *Lewis*, the Supreme Court established that a prisoner's right of access to the courts does not include "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds*, 430 U.S. at 825).

"It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. Plaintiff's filings, however, make it clear that Plaintiff is not being denied adequate stationery, stamps, envelopes, or access to legal reference materials such that his right of access to the court has been infringed. Plaintiff has been able to file his Complaint, its exhibits, an *in forma pauperis* application, a motion for appointment of counsel, two motions for extensions of

time, three letters, the FAC, and the present motion.  Plaintiff has missed no deadlines by the FDC's alleged denial of his requests to attend the law library on several Tuesdays so that he can use the typewriter and copy machine.  Moreover, Plaintiff is able to handwrite his motions and his FAC and can also hand copy his documents.

It is clear that Plaintiff has been able to conduct research and prosecute his claims and cannot show that a non-frivolous legal claim has been frustrated or impeded.  Plaintiff is not being denied access to the court by the FDC's alleged denial of "law library services," that is, by the alleged denial of a typewriter or copying services.  Accordingly, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, July 2, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Kamakeeaina v. City and County, et al.*, Civ. No. 1:11-00770 SOM-RLP; ORDER DENYING MOTION RE: COMPLIANCE WITH INMATE LEGAL ACTIVITIES POLICIES AND PROCEDURES; psas/Non disp Ords dmp 2012/Kamakeeianin 11-770 (dny req. to ord. prison to comply with law lib. policies)