```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

BUDDY KAMAKEEIANA,              )    NO. 1:11-cv-00770 SOM/RLP
#A0235486,                      )
                                )
              Plaintiff,        )    ORDER DENYING MOTION FOR
                                )    PRELIMINARY INJUNCTION
     vs.                        )
                                )
CITY AND COUNTY OF HONOLULU,    )
et al.,                         )
                                )
              Defendants.       )
_____ )
```

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Before the court is Plaintiff's Motion for Injunctive Relief, ECF #34-1. Plaintiff seeks reinstatement of medical and psychological care after his transfer from the Federal Detention Center-Honolulu ("FDC") to the state prison system. Plaintiff fails to show cause why injunctive relief is appropriate, and his Motion is DENIED.

### I.  BACKGROUND

On September 4, 2012, Plaintiff moved for injunctive relief requiring DPS to "continue Plaintiff's mental health treatment including psychotropic medications and therapy sessions[.]" Mot. for Injunctive Relief, ECF #34-1, PageID #545. Plaintiff alleged that DPS prison officials had failed to provide him with any "mental health treatment, psychotropic medications, and/or psychotherapy sessions[,]" since his transfer from the FDC, first to the Oahu Community Correctional Center ("OCCC"), then to the Halawa Correctional Facility ("HCF") on August 29,

2012. *Id.* In a later document, Plaintiff admitted, however, that he had been receiving medical and/or psychological treatment at HCF since on or about September 5, 2012. Pl. Decl., ECF #40-1.

On September 13, 2012, the court issued an Order to Show Cause ("OSC") directing Plaintiff to explain why his Motion should not be summarily dismissed as moot. ECF #41. In his September 27, 2012, Declaration in response to the OSC, Plaintiff reiterates that he was transferred from the FDC to OCCC on August 21, 2012, then to HCF on August 29, 2012. Pl. Decl., ECF #45-1 PageID #601. On August 30, 2012, Plaintiff says he received a "post admission mental health assessment and evaluation" at the HCF Medical Unit. Plaintiff complains that the evaluation form shows a "revision date of '01/06,'" suggesting that the form is therefore outdated. Plaintiff spoke with a Dr. Visner at the HCF Medical Unit, explained his past psychological history, and detailed the medicines he was receiving while he was incarcerated at the FDC and before. *Id.* PageID #602. Plaintiff states that, on or about September 5, 2012, he received psychotropic medication, including 1000 mg. of Depakote and 50 mg. of Trazodone, per day. Plaintiff complains that this is less than the amount he was receiving at the FDC. Plaintiff also complains that he has not yet begun psychotherapy sessions at HCF, although it is unclear when he was next scheduled for such therapy at the

2

FDC, which he admits he received only quarterly. *See id.*, PageID #601.

## II. <u>**DISCUSSION**</u>

A "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

"That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135-36 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)). In cases brought by prisoners involving conditions of confinement, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and

3

be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff admits that he has been evaluated, examined by a physician, and is being treated for his mental health issues at HCF. He disagrees with the reduction of dosage and, perhaps, the substitution of one medicine with another. He also complains that the evaluation intake form was last revised in 2006. Plaintiff's disagreement with the treatment plan chosen by Dr. Visner does not give rise to a § 1983 claim, much less provide a basis for injunctive relief. *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff fails to establish that he is likely to succeed on the merits or suffer irreparable harm, or that the balance of equities tips in his favor and an injunction is in the public interest. Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 3, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Kamakeeaina v. City and County, et al.*, No. 1:11-cv-00770 SOM-RLP; ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; G:\docs\prose attys\TROs\2012\Kamakeeaina 11-770 som (dny inj. rlf for meds & trtmt).wpd