IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BUDDY KAMAKEEIANA, #A0235486, | ) ) ) | NO. 1:11-cv-00770 SOM/RLP |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, et al., | ) ) ) | |
| Defendants. | ) ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

On October 3, 2012, the court denied Plaintiff's Motion for Preliminary Injunction, ECF #34-1, seeking reinstatement of the medical and psychological care that he had received at the Federal Detention Center-Honolulu ("FDC"), after his transfer to the Halawa Correctional Facility ("HCF"). *See* Order Den. Mot. Preliminary Inj., ECF #46. Plaintiff moves for reconsideration, arguing that an HCF psychological social worker ("PSW") incorrectly completed his post admission mental health evaluation form. ECF #49. Plaintiff's Motion is DENIED.

### I. LEGAL STANDARD

A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Three grounds justify reconsideration: (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). Local Rule LR60.1 for the District of Hawaii implements these standards for reconsideration of interlocutory orders.

## II.   DISCUSSION

Plaintiff states that, on August 30, 2012, HCF PSW Denise M. Chun incorrectly noted that Plaintiff answered "yes" to whether he had been convicted of a sexual offense, although Chun noted "Appeals" next to this question. *See* Pl.'s Exh. B2C-B2D, ECF #49-4. Plaintiff says that Chun scratched out his "no" response to the question after their interview. When Plaintiff received a copy of the report, he noticed the discrepancy.

On September 18, 2012, Plaintiff sent a medical request to speak with the HCF Psychiatrist or Medical Director to correct this discrepancy. On September 19, 2012, Plaintiff spoke with HCF PSW Flo Magallanes, who investigated the incident. That same day, Chun submitted a new post admissions mental health assessment record that corrects the discrepancy and reflects that Plaintiff answered "no" to having been convicted of a sexual offense. *See* ECF #49-7. Plaintiff complains that Chun violated Hawaii state law and seeks reconsideration of the order denying him injunctive relief based on this clerical mistake.

Plaintiff's claims, while no doubt upsetting to him, do

not constitute an intervening change in controlling law or new evidence, and do not support the need to correct clear error by the court or prevent manifest injustice.  The record shows that Plaintiff has been evaluated, examined by a physician and psychiatrist, and is being treated for his mental health issues at HCF.  Plaintiff still disagrees with the medication he is receiving and is angry with Ms. Chun for her alleged failure to correctly record his responses to her questions.  A clerical error and continuing disagreement with the course of treatment, however, do not give rise to a § 1983 claim, nor provide a basis for granting Plaintiff injunctive relief.  *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

        Plaintiff fails to establish that he is likely to succeed on the merits or suffer irreparable harm if he is not granted an injunction based on his now-corrected mental health evaluation form, or that the balance of equities tips in his favor and an injunction is in the public interest.  Plaintiff's Motion for Reconsideration does not set forth facts or law of a strongly convincing nature persuading this court to reverse its decision to deny him preliminary injunctive relief.  Plaintiff's

//

//

//

//

//

Motion for Reconsideration is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 29, 2012.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

*Kamakeeaina v. City and County of Honolulu, et al.,* 1:11-cv-00770 SOM-RLP; Order Denying Motion for Reconsideration; G:\docs\joni\000 CMECF.emailed for filing\2012 emailed for filing\10.29  Kamakeeaina 11-770 som (LR 60.1, inj. rlf).wpd