IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BUDDY P. KAMAKEEAINA, #A0235486, | ) ) ) CIV. NO. 11-00770 SOM/RLP |
| Plaintiff, | ) ) FINDINGS AND RECOMMENDATION TO ) GRANT IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTIONS TO STRIKE ) DEFENDANTS' ANSWERS |
| CITY AND COUNTY OF HONOLULU, et al., | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' ANSWERS**[1]

Before the court are Plaintiff Buddy Kamakeeaina's Motions to Strike Defendants' Answers to the First Amended Complaint ("FAC").  *See* Pl.'s Mots., #ECF #76, ECF #81; *see also* Answer, ECF #57, Answer, ECF #68.  Department of Public Safety Physicians ("DPS") Peter Y. Yamamoto and Tom W. Leland ("DPS Defendants"), and Honolulu Police Department ("HPD") Officers Tyler Maalo, William Daubner, Oscar Willis, and Randall Rivera ("HPD Defendants") have responded.  *See* ECF #76, ECF #84.  The court elects to decide these Motions without a hearing pursuant to Local Rule LR7.2(d), and FINDS AND RECOMMENDS that Plaintiff's

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Motions to Strike should be GRANTED in part and DENIED in part, as set forth below.

## I. **LEGAL STANDARD**[2]

Under Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). The goal of a motion to strike is to avoid the expense of "litigating spurious issues" by dispensing with them before trial. *Sidney—Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (same). When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party. *In re Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 772 (N.D. Cal. 2010).

A defense may be insufficient as a matter of pleading or as a matter of law. *Joe Hand Promotions, Inc. v. Estradda*, 2011 WL 2413257, at *1 (E.D. Cal. June 8, 2011). When a defense

---

[2] No Circuit Court of Appeals has extended the heightened "plausibility" pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to a responsive pleading's statement of defenses, although there is disagreement among the federal district courts. Neither party raises the issue, and, absent contrary direction from the Ninth Circuit, this court declines to apply a heightened pleading standard to a Defendants' Answers.

cannot succeed under any set of circumstances, it is insufficient as a matter of law.  *Jane Doe ex rel. J.M. v. Phoenix-Talent School Dist. No. 4*, 2011 WL 704877, at *1 (D. Or. Feb. 18, 2011). When an affirmative defense fails to give a plaintiff fair notice of the defense, it is insufficiently pled.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

A defense that demonstrates that a plaintiff has not met its burden of proof, that is, points out a defect in a plaintiff's *prima facie* case, is a non-affirmative defense, that is governed by Rule 8(b).  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  On the other hand, an affirmative defense pleads matters extraneous to the plaintiff's *prima facie* case, and denies the plaintiff's right to recover even if the allegations of the complaint are true.  *J & J Sports Productions, Inc. v. Jimenez*, 2010 WL 5173717, *2 (S.D. Cal. Dec. 15, 2010) (citations omitted).

Motions to strike are disfavored, "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Striking a defense is considered a "drastic remedy" which is seldom granted unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties.  5C Charles Alan Wright & Arthur Miller,

Federal Practice and Procedure § 1380 (3d ed. 2004). Moreover, unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak*, 607 F.2d at 826; *see also* Fed. R. Civ. P. 15(a)(2).

## II. BACKGROUND

Plaintiff commenced this action on December 19, 2011. The FAC states that HPD Defendants arrested and held Plaintiff from on or about April 30 to May 3, 2010, when they transferred him to DPS custody at the Oahu Community Correctional Facility ("OCCC"). Plaintiff alleges that the HPD Defendants denied him mental health care during this time, which he alleges they were required to provide under Haw. Rev. Stat. § 334-59(a)(1) and the United States and Hawaii constitutions. *Id.* at 10.

Plaintiff remained at OCCC from on or about May 3, 2010, through April 19, 2011, when he was transferred to the Federal Detention Center-Honolulu. *Id.* at 18-19. Plaintiff alleges that DPS Defendants Dr. Leland and Dr. Yamamoto acted with deliberate indifference to his serious medical needs when they allegedly denied him mental health treatment while he was incarcerated at OCCC.

## III. DISCUSSION

Plaintiff opposes DPS and HPD Defendants' Answers in their entirety, making little distinction between Defendants' affirmative or negative defenses, admissions or denials.

4

Plaintiff broadly argues that Defendants' Answers should each be stricken as "insufficient . . ., redundant, impertinent, and/or scandalous." Pl. Decls., ECF #76-1 ¶ 2 & ECF #81-1 ¶ 2.

Plaintiff's primary argument is that Defendants' First Defenses, "Failure to State a Claim," are insufficient because the court has already determined that the FAC states a claim. Thereafter, Plaintiff simply argues that he will be able to rebut each of Defendants' defenses, admissions, and denials through discovery, and reiterates that Defendants violated his state and federal rights. Plaintiff's Motions are better understood as unsolicited and disallowed *replies* to Defendants' Answers, rather than supported Motions to Strike. *See* Fed. R. Civ. P. 7(a)(7) (allowing a reply to an answer only upon court order).

**A.   Failure to State a Claim**

"Failure to state a claim is an assertion of a defect in a plaintiff's *prima facie* case, not an affirmative defense." *J & J Sports Productions, Inc. v. Romero*, 2012 WL 2317566, *4 (E.D. Cal. June 18, 2012). It is commonly pled as an affirmative defense, however, because Rule 12(h)(2) allows it to be raised in any pleading, by a motion under Rule 12(c), or at trial.

The standards for dismissal governing Rules 12(b)(6) and 12(c) are identical to the standard under which a court screens a prisoner's complaint. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); 28 U.S.C. § 1915A(b).

Therefore, a motion to dismiss for failure to state a claim is usually inappropriate after such screening, as Plaintiff asserts, unless Defendants can convince the court to reconsider. Moreover, while a "failure to state a claim" defense may normally be alleged in a conclusory fashion,[3] Defendants' wholly conclusory assertion here is inappropriate because they do not elaborate on this defense or alert the court or Plaintiff to any additional defects with Plaintiff's pleading.  As such, Defendants do not give Plaintiff "fair notice" of the basis for this defense and it serves no purpose to the pleading.

The HPD and DPS Defendants' First Defenses, Failure to State a Claim, should be STRICKEN without prejudice.  Defendants may freely move to amend, bring a motion, or raise this defense at trial under Rule 12(h)(2), if they can articulate its basis.

**B.   Remaining Non-Affirmative Defenses, Admissions, and Denials**

Non-affirmative defenses and denials are merely rebuttals to the evidence presented by the plaintiff.  For such rebuttals, Rule 8(b) requires only that "a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).

An immaterial response "has no essential or important

---

[3] *See* Fed. R. Civ. P., Appendix of Forms, Form 30 (showing simply, "The complaint fails to state a claim upon which relief can be granted."

6

relationship to the claim for relief of the defense being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527. An impertinent response does not pertain, and is not necessary, to the issues in question. *Id.* Scandalous allegations bear no relation to the claims at issue and may cause the other party prejudice. *Talbot v. Robert Matthews Dist. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Defendants' remaining non-affirmative defenses, admissions, and denials are neither redundant, immaterial, impertinent, nor scandalous, and Plaintiff provides no convincing argument in support of this assertion.[4] Defendants' state their defenses to each of Plaintiff's claims in short and plain terms and admit or deny Plaintiff's allegations as required. *See* DPS Defendants' Answer, ECF #57; HPD Defendants' Answer, ECF #68. Defendants sufficiently deny in part allegations with which they disagree, admit allegations that they accept, and state whether they lack knowledge to form a belief about the truth of any allegation. *See* Fed. R. Civ. P. 8(b)(4-5).

While HPD Defendants' Answer appears to respond to an excessive force claim that is not explicitly raised in the FAC, suggesting an immaterial or impertinent response, this is too narrow a reading of their response. *See* HPD's Answer, Fifth, Sixth, Seventh, Ninth, and Tenth Defenses, ECF #68. Plaintiff,

---

[4] Neither Plaintiff nor Defendants make any distinction in their arguments between Defendants' admissions, denials, non-affirmative defenses, and affirmative defenses.

proceeding *pro se*, clearly references the HPD Defendants' alleged "use of force" to restrain him during his arrest. The required liberal construction of the FAC therefore makes it prudent for HPD Defendants to address this possible claim. *Id.* PageID #442-43. In light of the confusing nature of Plaintiff's pleading, it is sensible for HPD Defendants' Answer to include such denials in their Answer. As such, these defenses are not impertinent or immaterial.

DPS and HPD Defendants' admissions and denials (Second Defenses), and remaining non-affirmative defenses are sufficiently pled and Plaintiff's Motions to Strike them should be DENIED.

**C.    Defendants' Affirmative Defenses**

An affirmative defense is sufficient if it gives plaintiff fair notice of the defense asserted. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Wyshak*, 607 F.2d at 826. Fair notice generally requires that the defendant simply state the nature and grounds for the affirmative defense. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). It does not require a detailed statement of facts, because it is simply a response to a plaintiff's statement of facts. *See id.*, at 47-48. An affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility, LLC*, 657 F. Supp. 1140, 1149-50 (N.D.

Cal. 2009).

### 1.   *Statute of Limitation:* **HPD Defendants' Third Defense**

HPD Defendants assert that the FAC may be barred by the statute of limitation.  They do not elaborate further, by citing the statute on which they rely, or even by comparing the date the events at issue are alleged to have occurred and the date that the Complaint was filed.  Plaintiff alleges that HPD Defendants' arrested him on April 30, 2010, and he filed this suit approximately a year and a half later, on December 19, 2011.  It does not appear that this defense can succeed because Plaintiff's claims were filed within the two-year limitations period.  *See Pele Def. Fund v. Paty*, 837 P.2d 1247, 1260 (1992) (setting forth Hawaii's two-year "general personal injury" limitation provision in Haw. Rev. Stat. § 657-7).  Absent more detail, HPD Defendants fail to provide Plaintiff fair notice of the basis for this defense.  HPD Defendants' Third Defense should be STRICKEN without prejudice and with leave granted to amend.

### 2.   *Failure to Exhaust:* **DPS Defendants' Fifth Defense; HPD Defendants' Twenty-Third Defense**

A failure to exhaust is an affirmative defense that defendants have the burden of raising and proving.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).[5]  Prisoners are required to exhaust all

---

[5] HPD Defendants mistakenly identify failure to exhaust as a jurisdictional defect; PLRA exhaustion is not jurisdictional. *See*

9

available administrative remedies. *See* 42 U.S.C. § 1997e(a). Plaintiff alleges that he was in HPD custody from April 30, to May 3, 2010, and in DPS custody from May 3, 2010, to April 19, 2011, thus, he was a prisoner during the times at issue. Defendants' "failure to exhaust" defenses give Plaintiff fair notice.

### 3. *Defendants' Remaining Affirmative Defenses*

The court has carefully reviewed the remainder of Defendants' affirmative defenses and finds that they are factually sufficient to preclude Plaintiff's Motion to Strike. First, Plaintiff fails to show how these defenses are insufficient, other than to say that he will be able to disprove them after discovery. Plaintiff therefore does not bear his burden of showing that any of these challenged defenses is insufficient. *See Estate of Hirata v. Ida*, 2011 WL 3290404, at *5 (D. Haw. July 19, 2011).

Second, this court cannot say that the remaining affirmative defenses have no bearing on the issues raised herein. *See In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (stating that a motion to strike should not be granted unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"). To

---

*Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 869 (9th Cir. 2011), *cert. den.*, --- U.S. ---, 132 S. Ct. 1540 (2012).

the contrary, the remaining affirmative defenses are adequately responsive to the issues at hand.

Third, a motion to strike is not an appropriate vehicle through which to effectively procure summary judgment, which is what Plaintiff appears to seek.  *See Whittlestone, Inc.*, 618 F.3d at 974 (citations omitted).

Finally, when Plaintiff's Motion to Strike is read in light of his own painfully verbose pleadings, the numerous extensions of time he has asked for and been granted, and the unnecessary motions that he has raised, it appears to be an improper delaying tactic rather than a well-founded attempt to avoid the expense of litigating spurious issues.  Plaintiff's Motion to Strike Defendants' Answers should be DENIED as to the remainder of Defendants' affirmative defenses.

### III.  CONCLUSION

Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Strike Defendants' Answers be GRANTED in part and DENIED.  Specifically:

(1) HPD and DPS Defendants' First Defenses, "Failure to State a Claim," should be STRICKEN without prejudice.

(2) HPD Defendants' Third Defense, "Statute of Limitation," should be STRICKEN without prejudice.

(3) All remaining affirmative and non-affirmative defenses,

//

admissions, and denials should remain as pled.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 15, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

*Kamakeeaina v. City and County, et al.*, Civ. No. 1:11-00770 SOM-RLP; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motions to Strike Defendants' Answers; G:\docs\prose attys\F & R\DMP\2013\Kamakeeiana, 11-770 rlp (dny strike Ans)).wpd